1  Charles T. Sweeny (SBN 325167)
   Anush Minasyan (SBN 352027)
2  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
3  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021

4  *Attorneys for* Plaintiff

5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10  JOSEPH RUBALCABA, individually, and      Case No.: 4:23-CV-06581-HSG
    on behalf of other members of the general   Honorable Haywood S. Gilliam, Jr.
11  public similarly situated;
                                               **FIRST AMENDED CLASS ACTION**
12              Plaintiff,                      **COMPLAINT FOR DAMAGES**

13       vs.                                    (1)  Violation of California Labor Code
                                                     §§ 510 and 1198 (Unpaid
14  R&L CARRIERS SHARED SERVICES,                    Overtime);
    LLC, an Ohio limited liability company; and  (2)  Violation of California Labor Code
15  DOES 1 through 100, inclusive,                   §§ 226.7 and 512(a) (Unpaid Meal
                                                     Period Premiums);
16              Defendants.                     (3)  Violation of California Labor Code
                                                     § 226.7 (Unpaid Rest Period
17                                                   Premiums);
                                               (4)  Violation of California Labor Code
18                                                   §§ 1194, 1197, and 1197.1 (Unpaid
                                                     Minimum Wages);
19                                             (5)  Violation of California Labor Code
                                                     §§ 201 and 202 (Final Wages Not
20                                                   Timely Paid);
                                               (6)  Violation of California Labor Code
21                                                   § 204 (Wages Not Timely Paid
                                                     During Employment);
22                                             (7)  Violation of California Labor Code
                                                     § 226(a) (Non-Compliant Wage
23                                                   Statements);
                                               (8)  Violation of California Labor Code
24                                                   § 1174(d) (Failure To Keep
                                                     Requisite Payroll Records);
25                                             (9)  Violation of California Labor Code
                                                     §§ 2800 and 2802 (Unreimbursed
26                                                   Business Expenses);
                                               (10) Violation of California Business &
27                                                   Professions Code §§ 17200, et seq.

28                                             **DEMAND FOR JURY TRIAL**

*Sidebar:* **LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMES NOW, Plaintiff JOSEPH RUBALCABA ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action was originally brought in the Superior Court for the County of Santa Clara pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. The Superior Court for the County of Santa Clara has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. The Superior Court for the County of Santa Clara has jurisdiction over Defendant because, upon information and belief, Defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in the Superior Court for the County of Santa Clara because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Santa Clara. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Santa Clara.

## PARTIES

5. Plaintiff JOSEPH RUBALCABA is an individual residing in the State of California, County of Santa Clara.

6. Defendant R&L CARRIERS SHARED SERVICES, LLC, at all times herein

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

mentioned, was and is, upon information and belief, an Ohio limited liability company and, at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Santa Clara.

7.     At all relevant times, Defendant R&L CARRIERS SHARED SERVICES, LLC was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.     At all times herein relevant, Defendants R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     Defendant R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

13.    The proposed class is defined as follows:

CLASS. All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from April 11, 2019, to final judgment and who reside in California.

SUBCLASS A. All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

SUBCLASS B. All class members who were required by Defendants to stay on Defendants' premises for rest breaks.

14.    Plaintiff reserves the right to establish additional subclasses as appropriate.

15.    The class is ascertainable and there is a well-defined community of interest in the litigation:

a.    Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c.    Adequacy: Plaintiff will fairly and adequately protect the interests of each

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.   The following common questions of law or fact, among others, exist as to the members of the class:

a.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.    Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.    Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek;

e.  Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

f.  Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

g.  Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h.  Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

i.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

j.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

k.  Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

l.  Whether Defendants' conduct was willful or reckless;

m.  Whether Defendants engaged in unfair business practices in violation of

California Business & Professions Code section 17200, et seq.;

n.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

o.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

**GENERAL ALLEGATIONS**

17.    At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Santa Clara.

18.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, in San Jose, California from approximately February 11, 2019, to approximately December 12, 2022, in the State of California, County of Santa Clara. Plaintiff's rate of pay ranged from $28.63 per hour to $33.37.

19.    Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

20.    Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

21.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed, short, late, and/or interrupted meal periods and rest breaks in violation of California law.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.  Defendants' failure includes, *inter alia*, failing to compensate Plaintiff and other class members for job duties performed off-the-clock, such as completing deliveries and pick-ups and communicating with supervisors to provide work-related updates.  Defendant's failure to pay overtime wages is also reflected in wage statements that Defendant issued to Plaintiff, which show that time worked in excess of 40 hours per week was paid at the base hourly rate instead of at the overtime rate.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non- discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.  Examples of the non-discretionary bonuses, based on objective criteria, that were not properly factored into the regular rate of pay included bonuses based on objective safety records and other work performance-related criteria.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of compensation when a meal period was missed, short, late, and/or interrupted, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of compensation when a meal period was missed, short, late, and/or interrupted. Examples of the non-discretionary bonuses, based on objective criteria, that were not properly factored into the regular rate of compensation included bonuses based on objective safety records and other work performance-related criteria. During the relevant time period, Plaintiff and the other class members' meal periods were missed, shortened, late and/or interrupted because Defendants required them to perform work duties. Plaintiff did not receive premium payments for meal periods that were not provided.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of compensation when a rest period was missed, short, late, and/or uninterrupted and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of compensation when a rest period was missed, short, late, and/or uninterrupted. Examples of the non-discretionary bonuses, based on objective criteria, that were not properly factored into the regular rate of compensation included bonuses based on objective safety records and other work performance-related criteria. During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late and/or interrupted because Defendants required them to perform work duties and to remain on premises. Plaintiff did not receive premium payments for rest periods that were not authorized or permitted.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants required Plaintiff and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours that Plaintiff and the other class members worked off-the-clock performing work duties.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including earned but unpaid overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including earned but unpaid overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses, including and not limited to, the use of personal phones for business-related purposes.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class

members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

39.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked, including work performed off-the-clock.   Defendant's failure to pay overtime wages is also reflected in wage statements that Defendant issued to Plaintiff, which show that time worked in excess of 40 hours per week was paid at the base hourly rate instead of at the overtime rate.

40.     During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek. Examples of the non-discretionary bonuses, based on objective criteria, that were not properly factored into the regular rate of pay included bonuses based on objective safety records and other work performance-related criteria.

41.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members, by, *inter alia*, requiring employees to perform work duties during their meal and rest periods.

42.     During the relevant time period, Defendants required Plaintiff and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

43.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked, by, *inter alia*, requiring them to perform work off-the-clock, such as completing deliveries and pick-ups and communicating with

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    supervisors to provide work-related.

2    44.    During the relevant time period, Defendants failed to pay Plaintiff and the other

3    class members all wages owed to them upon discharge or resignation, including earned but

4    unpaid overtime and minimum wages and meal and rest period premiums.

5    45.    During the relevant time period, Defendants failed to pay Plaintiff and the other

6    class members all wages within any time permissible under California law, including, *inter alia*,

7    California Labor Code section 204, including earned but unpaid overtime and minimum wages

8    and meal and rest period premiums.

9    46.    During the relevant time period, Defendants failed to provide complete or

10   accurate wage statements to Plaintiff and the other class members.

11   47.    During the relevant time period, Defendants failed to keep complete or accurate

12   payroll records for Plaintiff and the other class members.

13   48.    During the relevant time period, Defendants failed to reimburse Plaintiff and the

14   other class members for all necessary business-related expenses and costs, including and not

15   limited to, the use of personal phones for business-related purposes.

16   49.    During the relevant time period, Defendants failed to properly compensate

17   Plaintiff and the other class members pursuant to California law in order to increase Defendants'

18   profits.

19   50.    California Labor Code section 218 states that nothing in Article 1 of the Labor

20   Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due

21   to him [or her] under this article."

22                              **FIRST CAUSE OF ACTION**

23                   **(Violation of California Labor Code §§ 510 and 1198)**

24      **(Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)**

25   51.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1

26   through 50, and each and every part thereof with the same force and effect as though fully set

27   forth herein.

28   52.    California Labor Code section 1198 and the applicable Industrial Welfare

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

53.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

54.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

55.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

56.    During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week, including working off the clock and/or overtime at the direction of Defendants, such as completing deliveries and pick-ups and communicating with supervisors to provide work-related updates.

57.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.  Plaintiff and other class members did not receive overtime compensation at one and one-half times their regular rate of pay for all hours spent performing job duties in excess of (8) hours in a day or forty (40) in a week or for the first eight (8) hours worked on the seventh day of work.  As an example, Defendant's failure to pay overtime wages is reflected in wage statements that Defendant issued to Plaintiff, which show that time worked in excess of 40 hours per week was paid at the base hourly rate instead of at the overtime rate.

58.    Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

59.    Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

<u>**SECOND CAUSE OF ACTION**</u>

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)**

60.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 59, and each and every part thereof with the same force and effect as though fully set forth herein.

61.    At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

62.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

63.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

64.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

65.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

66.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

67.    During the relevant time period, Plaintiff and other class members' meal periods were missed, interrupted, shortened, or taken late, and/or were interrupted because Defendant required them to perform work duties including, but not limited to, completing deliveries and pick-ups and communicating with supervisors to provide work-related updates.

68.    During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

69.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

70.    Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

71.    Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)**

72.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71, and each and every part thereof with the same force and effect as though fully set forth herein.

73.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

74.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

75.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

76.    During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

77.    During the relevant time period, Plaintiff and other class members' rest periods were missed, interrupted, shortened, or taken late, and/or were interrupted because Defendant required them to perform work duties including, but not limited to, completing deliveries and pick-ups and communicating with supervisors to provide work-related updates.

78.    During the relevant time period, Defendants required Plaintiff and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

79.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods. For example, throughout his employment with Defendants, Plaintiff's rest periods were missed, interrupted, shortened, or taken late, yet he was not provided with rest period premium payments.

80.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

81.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

82.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)

83.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

85.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties including, but not limited to, completing deliveries and pick-ups and communicating with supervisors to provide work-related updates.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Plaintiff spent time performing work duties off-the-clock throughout his employment with
2  Defendants.

3      86.    Defendants' failure to pay Plaintiff and the other class members the minimum
4  wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to
5  those sections Plaintiff and the other class members are entitled to recover the unpaid balance of
6  their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated
7  damages in an amount equal to the wages unlawfully unpaid and interest thereon.

8      87.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class
9  members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each
10  employee minimum wages, and $250.00 for each subsequent failure to pay each employee
11  minimum wages.

12      88.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class
13  members are entitled to recover liquidated damages in an amount equal to the wages unlawfully
14  unpaid and interest thereon.

15                        **FIFTH CAUSE OF ACTION**

16              **(Violation of California Labor Code §§ 201 and 202)**

17      **(Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)**

18      89.    Plaintiff incorporates by reference the allegations contained in paragraphs 1
19  through 88, and each and every part thereof with the same force and effect as though fully set
20  forth herein.

21      90.    At all relevant times herein set forth, California Labor Code sections 201 and 202
22  provide that  if an employer discharges an employee, the wages earned and unpaid at the time of
23  discharge are due and payable immediately, and if an employee quits his or her employment, his
24  or her wages shall become due and payable not later than seventy-two (72) hours thereafter,
25  unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in
26  which case the employee is entitled to his or her wages at the time of quitting.

27      91.    During the relevant time period, Defendants intentionally and willfully failed to
28  pay Plaintiff and the other class members who are no longer employed by Defendants their

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

92.     Plaintiff was not paid at the time of his separation all wages earned and unpaid throughout his employment, including but not limited to, minimum wages and overtime wages for time worked off-the-clock, overtime wages for time worked in excess of 8 hours in a day or 40 hours in a week, and meal and rest period premium payments for short, late, interrupted, and/or missed meal and rest periods.

93.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

94.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

95.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)

96.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 95, and each and every part thereof with the same force and effect as though fully set forth herein.

97.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

98.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  any calendar month, other than those wages due upon termination of an employee, are due and

2  payable between the 1st and the 10th day of the following month.

3       99.    At all times herein set forth, California Labor Code section 204 provides that all

4  wages earned for labor in excess of the normal work period shall be paid no later than the payday

5  for the next regular payroll period.

6       100.    During the relevant time period, Defendants intentionally and willfully failed to

7  pay Plaintiff and the other class members all wages due to them, within any time period

8  permissible under California Labor Code section 204.

9       101.    Plaintiff was not timely paid all wages earned and unpaid throughout his

10  employment, including but not limited to, minimum wages and overtime wages for time worked

11  off-the-clock, overtime wages for time worked in excess of 8 hours in a day or 40 hours in a

12  week, and meal and rest period premium payments for short, late, interrupted, and/or missed

13  meal and rest periods.

14       102.    Plaintiff and the other class members are entitled to recover all remedies available

15  for violations of California Labor Code section 204.

16                              **SEVENTH CAUSE OF ACTION**

17                      **(Violation of California Labor Code § 226(a))**

18       **(Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)**

19       103.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

20  through 102, and each and every part thereof with the same force and effect as though fully set

21  forth herein.

22       104.    At all material times set forth herein, California Labor Code section 226(a)

23  provides that every employer shall furnish each of his or her employees an accurate itemized

24  statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

25  (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid

26  on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of

27  the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

28  dates of the period for which the employee is paid, (7) the name of the employee and his or her

1    social security number, (8) the name and address of the legal entity that is the employer, and (9)

2    all applicable hourly rates in effect during the pay period and the corresponding number of hours

3    worked at each hourly rate by the employee.  The deductions made from payments of wages

4    shall be recorded in ink or other indelible form, properly dated, showing the month, day, and

5    year, and a copy of the statement or a record of the deductions shall be kept on file by the

6    employer for at least three years at the place of employment or at a central location within the

7    State of California.

8        105.    Defendants have intentionally and willfully failed to provide Plaintiff and the

9    other class members with complete and accurate wage statements.  As the employer willfully

10   required work to be performed off-the-clock and failed to provide, authorize, and/or permit

11   compliant meal and rest periods or to pay all premium wages owed for such failure, Defendants

12   had the necessary information to provide wage statements that accurately reflected the total

13   number of hours worked and the actual gross and net wages earned, yet failed to do so on a

14   systematic basis and instead provided wage statements that did not reflect overtime, including

15   time worked off-the-clock or all meal and rest premiums earned.

16       106.    As a result of Defendants' violation of California Labor Code section 226(a),

17   Plaintiff and the other class members have suffered injury and damage to their statutorily

18   protected rights.  Because Plaintiff and the other class members' wage statements did not reflect

19   the accurate number of hours worked, Plaintiff and the putative class members were unable to

20   determine the total amount of hours they worked, were unable to determine the total amount of

21   compensation they were owed and were unable to verify they were paid the proper amount.  In

22   order to determine how much Plaintiff and the other class members should have been paid,

23   Plaintiff and the other class members would have had to engage in discovery and mathematical

24   computations in order to reconstruct the missing information.

25       107.    More specifically, Plaintiff and the other class members have been injured by

26   Defendants' intentional and willful violation of California Labor Code section 226(a) because

27   they were denied both their legal right to receive, and their protected interest in receiving,

28   accurate and itemized wage statements pursuant to California Labor Code section 226(a).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

108.     Plaintiff and the other class members are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a).

109.     Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)

110.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111.     Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

112.     Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiff and the other class members.  As the employer willfully required work to be performed off-the-clock and failed to provide, authorize, and/or permit compliant meal and rest periods or to pay all premium wages owed for such failure, Defendants had the necessary information to maintain accurate and complete payroll records wage that accurately reflected the total number of hours worked and the actual gross and net wages earned, yet failed to do so on a systematic basis and instead maintained inaccurate and incomplete payroll records that did not reflect the time worked off-the-clock or all meal and rest premiums earned.

113.     As a result of Defendants' violation of California Labor Code section 1174(d),

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiff and the other class members have suffered injury and damage to their statutorily protected rights.

114.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)

115.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 114, and each and every part thereof with the same force and effect as though fully set forth herein.

116.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

117.    Plaintiff and the other class members incurred necessary business-related expenses and costs in direct consequence of the discharge of their job duties or in direct consequence of their obedience to the directions of Defendants throughout the duration of their employment that were not fully reimbursed by Defendants, including, but not limited to, the use of personal phones for business-related purposes.

118.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

119.    Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against R&L CARRIERS SHARED SERVICES, LLC and DOES 1 through 100)**

120.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 119, and each and every part thereof with the same force and effect as though fully set forth herein.

121.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

122.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

123.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

124.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

125.    Plaintiff and the other class members have been personally injured by Defendants'

unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

126.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences April 11, 2019; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   from the date such amounts were due;

2       8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to

3   California Labor Code section 1194; and

4       9.      For such other and further relief as the Court may deem just and proper.

5                           **As to the Second Cause of Action**

6       10.     That the Court declare, adjudge and decree that Defendants violated California

7   Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

8   provide all meal periods (including second meal periods) to Plaintiff and the other class

9   members;

10      11.     That the Court make an award to Plaintiff and the other class members of one (1)

11  hour of pay at each employee's regular rate of compensation for each workday that a meal period

12  was not provided;

13      12.     For all actual, consequential, and incidental losses and damages, according to

14  proof;

15      13.     For premium wages pursuant to California Labor Code section 226.7(c);

16      14.     For pre-judgment interest on any unpaid wages from the date such amounts were

17  due;

18      15.     For reasonable attorneys' fees and costs of suit incurred herein; and

19      16.     For such other and further relief as the Court may deem just and proper.

20                          **As to the Third Cause of Action**

21      17.     That the Court declare, adjudge and decree that Defendants violated California

22  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

23  rest periods to Plaintiff and the other class members;

24      18.     That the Court make an award to Plaintiff and the other class members of one (1)

25  hour of pay at each employee's regular rate of compensation for each workday that a rest period

26  was not provided;

27      19.     For all actual, consequential, and incidental losses and damages, according to

28  proof;

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

20.     For premium wages pursuant to California Labor Code section 226.7(c);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

29.     For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.     For all actual, consequential, and incidental losses and damages, according to proof;

32.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

33.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.     For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

35.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

36.     For all actual, consequential, and incidental losses and damages, according to proof;

37.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.     For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

39.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For statutory penalties pursuant to California Labor Code section 226(e);

42.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

43.     For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

44.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

45.     For actual, consequential and incidental losses and damages, according to proof;

46.     For statutory penalties pursuant to California Labor Code section 1174.5; and

47.    For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

48.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.    For actual, consequential and incidental losses and damages, according to proof;

50.    For the imposition of civil penalties and/or statutory penalties;

51.    For reasonable attorneys' fees and costs of suit incurred herein; and

52.    For such other and further relief as the Court may deem just and proper.

**As to the Tenth Cause of Action**

53.    That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

54.    For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

55.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

58.    For such other and further relief as the Court may deem just and proper.

Dated: January 18, 2024                    **LAWYERS *for* JUSTICE, PC**

By: _____

Charles T. Sweeny
Anush Minasyan
*Attorneys for* Plaintiff