UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RUBALCABA,<br><br>    Plaintiff,<br><br>  v.<br><br>R&L CARRIERS SHARED SERVICES, L.L.C.,<br><br>    Defendant. | Case No. 23-cv-06581-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 52 |

Pending before the Court is Defendant R&L Carriers Shared Services L.L.C. ("Defendant" or "R&L")'s motion to dismiss Plaintiff Joseph Rubalcaba's operative Second Amended Class Action Complaint. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court GRANTS R&L's motion to dismiss without leave to amend.

**I.   BACKGROUND**

In January 2024, Plaintiff filed his first amended complaint, alleging that his previous employer, R&L, committed several labor violations against Plaintiff and other similarly situated individuals in its employ. Dkt. No. 31. R&L moved to dismiss, Dkt. No. 37, and the Court granted R&L's motion with leave to amend. *See* Dkt. No. 46; *Rubalcaba v. R&L Carriers Shared Servs., L.L.C.*, No. 23-CV-06581-HSG, 2024 WL 1772863, at *1 (N.D. Cal. Apr. 23, 2024). Plaintiff then filed the operative second amended class action complaint, Dkt. No. 49 ("Compl."). R&L again moves to dismiss, Dkt. No. 52 ("Mot."), Dkt. No. 56 ("Opp."), Dkt. No. 57 ("Reply").

In his second amended complaint, Plaintiff asserts eight causes of action under California law for Defendant's alleged failure to (1) pay overtime compensation (in violation of Labor Code sections 510 and 1198); (2) pay meal period premiums (in violation of Labor Code sections 226.7

1   and 512(a)); (3) pay rest period premiums (in violation of Labor Code section 226.7); (4) pay
2   minimum wages (in violation of Labor Code sections 1194, 1197, and 1197.1); (5) pay wages
3   upon ending employment (in violation of sections 201 and 202); (6) provide accurate wage
4   statements (in violation of Labor Code section 226(a)); (7) indemnify necessary business expenses
5   (in violation of Labor Code sections 2800 and 2802); and for (8) Defendant's unfair competition
6   practices (in violation of Business & Profession Code 17200, et seq).  As with his prior complaint,
7   Plaintiff again seeks to represent a class comprised of "all current and former hourly-paid or non-
8   exempt employees" of R&L who worked "within the State of California at any time during the
9   period from April 11, 2019, to final judgment."  Compl. at 3.

10  R&L moves to dismiss with prejudice, arguing that "Plaintiff primarily asserts the same
11  conclusory and generalized allegations that the Court rejected in the last iteration of the
12  complaint," and stating that Plaintiff "fail[ed] to narrow the class scope as instructed by the
13  Court."  Mot. at 10.  Plaintiff contends that his amended pleading is "carefully and meticulously
14  crafted in response to the Court's comments," specifying that it "pleads *numerous*, additional and
15  *detailed* facts in support of each cause of action."  Opp. at 6 (emphasis in original).  For the
16  reasons set forth below, the Court grants R&L's motion.

17  **II.   LEGAL STANDARD**

18  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain
19  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A
20  defendant may move to dismiss a complaint for failing to state a claim upon which relief can be
21  granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the
22  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
23  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule
24  12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible
25  on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible
26  when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that
27  the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
28  In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as

1   true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v.*

2   *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not

3   "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

4   unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

5   (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**III.   DISCUSSION**

Plaintiff's second amended class action complaint remains largely resembles his first and retains its deficiencies. The Court addresses each claim in turn.

**A.   First and Fourth Causes of Action: Payment of Minimum and Overtime Wages**

Plaintiff alleges that R&L failed to pay all overtime and minimum wages due to him and the putative class under California Labor Code sections 510, 1198, 1194, 1197, and 1197.1. Compl. at 31, 41. R&L contends that these allegations are conclusory. Mot. 16–21. In its order addressing R&L's first motion to dismiss, the Court held that Plaintiff's complaint was "simply too bereft of facts to push the allegations concerning his unpaid overtime and minimum wage claims from the realm of the possible into the plausible." *Rubalcaba*, 2024 WL 1772863, at *9. To cure those deficiencies, the Court instructed Plaintiff to "plead specific facts that raise a plausible inference" that his overtime or minimum wages were denied. *Id.* (quoting *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-cv-09955, 2022 WL 2132916, at *3 (N.D. Cal. June 14, 2022)). Plaintiff has not done so.

Plaintiff has materially amended his pleadings as to these claims in two ways, but neither cures the pleading deficiencies that the Court previously identified. Plaintiff now (1) alleges that his "meal breaks were interrupted on a weekly basis because he was required to communicate with supervisors or management regarding work-related updates, tasks and activities," and (2) lists three specific calendar weeks where he was "not compensated at an overtime rate for all time worked in excess of forty (40) hours per week." Compl. at 9. In *Landers v. Quality Communications, Inc.*, the Ninth Circuit addressed pleading requirements for minimum and overtime wage claims and held that "[a]lthough plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by

3

the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." 771 F.3d 638, 646 (9th Cir. 2014). To survive a motion to dismiss, Plaintiff cannot rely on "generalized allegations" and must instead provide detailed, factual support that will "nudge [the] claim from the realm of mere conjecture . . . to the realm of plausibility." *Id.* at 642 (internal citation and quotations omitted).

Here, Plaintiff's allegation that he was "required to communicate . . . regarding work-related updates" is too generic to allege the "type of conduct [Plaintiff is] counting as hours worked." *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016). *See Ramirez*, 2022 WL 2132916, at *3 (finding that plaintiff's allegation that he was providing "customer service" to clients was "a far too generic allegation"). The Court already found that Plaintiff's allegations that he worked "overtime at the direction of Defendants, such as completing deliveries and pick-ups and communicating with supervisors to provide work-related updates," was conclusory. *Rubalcaba*, 2024 WL 1772863, at *9. Plaintiff's amendments have not added sufficient factual support to cure this deficiency.[1] Plaintiff, for instance, still offers only unsubstantiated generalities concerning his role with R&L. Plaintiff states only that he was a "driver" for R&L and does not plead specific facts concerning "his work duties, his hours worked, or any other details relevant to the number of hours he worked at any time . . . much less details concerning other drivers." *Cortez v. United Nat. Foods, Inc.*, No. 18-CV-04603-BLF, 2019 WL 955001, at *12 (N.D. Cal. Feb. 27, 2019). Instead, in his opposition brief, Plaintiff directs the Court to "additional facts" found in "wage statement summaries" attached to his opposition. *See* Opp. at 14. These "additional facts" are not pled in Plaintiff's complaint, and this Court, in evaluating a motion to dismiss under Rule 12(b)(6), "*may not* look beyond the complaint to a plaintiff's

---

[1] While Plaintiff now identifies three "given workweeks" where R&L allegedly failed to pay overtime wages, these dates alone do not "raise a plausible inference that such an instance actually occurred." *Ramirez*, 2022 WL 2132916, at *3. *See Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) (affirming district court's dismissal where "[a]ppellants merely alleged specific weeks for which they [were] 'owed' a specified amount of overtime pay" without "supporting factual allegations, such as the number of hours worked compared to the number of hours for which compensation was given.").

4

1  moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."
2  *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in
3  original).  Accordingly, since these claims are not supported by sufficient factual allegations, the
4  Court grants R&L's motion to dismiss them.

        **B.**        **Second and Third Causes of Action: Meal and Rest Break Claims**

Plaintiff alleges that R&L failed to afford him and other members of the putative class all earned overtime and meal and rest breaks in violation of California Labor Code sections 226.7 and 512(a), and the Industrial Welfare Commission Wage Orders.  "To state a claim for failure to provide required rest or meal periods, [Plaintiff] must at least allege either a *specific* corporate policy prohibiting those breaks or a *specific* instance or instances in which he was denied a required break."  *Ramirez*, 2023 WL 322888 at *5 (emphasis added); *see also, e.g., Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) ("The requirement in *Landers* that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods.").  In its order resolving R&L's first motion to dismiss, the Court instructed Plaintiff to "plead[] a specific instance of meal and rest break violations, or a specific policy prohibiting appropriate meals and break times."  *Rubalcaba*, 2024 WL 1772863, at *11.  Plaintiff's second amended complaint does neither.

Plaintiff now alleges that he "constantly missed his rest breaks, between two-three times per week, because of the nature of the work" and that his "meal breaks were interrupted on a weekly basis."  Compl. at 20–21.  These allegations do not amount to specific instances.  *See Ramirez*, 2022 WL 2132916, at *4 (holding that a "generalized" allegation that plaintiff was denied a rest or meal break "does not put [d]efendants on notice of any specific instance of this happening").  Moreover, Plaintiff's amendments do not supply the factual details needed to overcome R&L's motion to dismiss.  While Plaintiff alleges that his meal and rest breaks were "missed, interrupted, shortened, or taken late," he does not substantiate any such instance.  *See Brown v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2013 WL 1701581, at *5 (N.D. Cal. Apr. 18, 2013) (finding that allegations that Wal–Mart "pressured, incentivized, and discouraged the

1 Drivers from taking lunch breaks," did not survive a motion to dismiss because plaintiffs did "not
2 provide any facts surrounding these alleged tactics"). Finally, Plaintiff alleges that "Defendants'
3 common and uniform policies and practices" unlawfully denied meal and rest periods to Plaintiff
4 and other class members. Compl. at 7. This broad allegation, absent further substantiation, does
5 not plead a "*specific* corporate policy prohibiting those breaks." *Ramirez*, 2023 WL 322888 at *5.
6 Since Plaintiff has not plausibly pled a *specific* corporate policy prohibiting meal and rest breaks
7 or a *specific* instance where Plaintiff was denied a required break, the Court grants R&L's motion
8 to dismiss these claims.

   **C.**  **Fifth Cause of Action: Final Wages at Termination**

Plaintiff alleges that R&L intentionally and willfully failed to timely pay him and other putative class members their unpaid, earned wages upon termination in violation of California Labor Code sections 201 and 202. Both parties agree that this claim is predicated on Plaintiff's overtime, minimum wage, and meal and rest break claims. Mot. at 25; Opp. at 18. Since those claims have been dismissed, the Court dismisses this claim as well.

As before, even if the Court considered this claim, the outcome would be no different. Plaintiff still has not pled specific facts showing R&L's failure to pay earned but unpaid wages following Plaintiff's termination. Plaintiff argues that identifying three specific pay periods in which R&L allegedly failed to pay his earned overtime wages is more than sufficient to satisfy the pleading requirements. Opp. at 18–19. This is incorrect. Plaintiff must allege facts showing a willful refusal to pay wages after Plaintiff's termination. *See Smith v. Level 3 Commc'ns Inc.*, No. C 14-05036 WHA, 2014 WL 7463803, at *3 (N.D. Cal. Dec. 30, 2014) ("To state a plausible claim under Sections 201 and 203, a plaintiff must allege sufficient detail to plausibly show that the employer willfully and intentionally withheld wages."); *Suarez v. Bank of Am. Corp.*, No. 18-CV-01202-MEJ, 2018 WL 2431473, at *9 (N.D. Cal. May 30, 2018) ("Merely alleging willfulness is insufficient to satisfy Rule 8; rather, Plaintiff must support that allegation with facts."). Examples of such facts might include "what wages were due, when they were due, and when, if at all, they were paid," alongside allegations sufficient to show Defendant's willful intent. *Mauia v. Petrochem Insulation, Inc.*, No. 18-CV-01815-MEJ, 2018 WL 3241049, at *10 (N.D. Cal. July 3,

6

2018) (internal citation omitted).  Simply listing pay periods, absent further facts alleging that R&L both failed to pay the required wages and acted willfully, is insufficient to state a plausible claim.  As such, the Court grants R&L's motion to dismiss Plaintiff's fifth cause of action.

### D.     Sixth Cause of Action: Accurate and Compliant Wage Records

Plaintiff alleges that R&L failed to provide him with accurate and compliant wage statements in violation of California Labor Code section 226(a), which requires "an accurate itemized statement in writing" showing nine specific items.  To establish liability for a section 226(a) violation, an employee must demonstrate: "(1) a failure to include in the wage statement one or more of the required items from Section 226(a); (2) that failure was 'knowing and intentional'; and (3) a resulting injury." *Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-CV-01983-MEJ, 2018 WL 3659251, at *7 (N.D. Cal. Aug. 2, 2018) (quoting *Brewer v. Gen. Nutrition Corp.*, 2015 WL 5072039, at *5 (N.D. Cal. Aug. 27, 2015)).  In its order addressing R&L's first motion to dismiss, the Court found that Plaintiff sufficiently pled the "injury" and "knowing and intentional" elements. *Rubalcaba*, 2024 WL 1772863, at *14.  However, since "Plaintiff [did] not point[] to any specific deficient statement, or identif[y] any other facts that separate these allegations from boilerplate recitals of statutory language," the Court concluded that "Plaintiff's allegations as to the first element—Defendant's failure to provide accurate payroll statements—d[id] not rise to the level of stating a claim" and consequently dismissed the claim. *Id.* at 15.

Plaintiff has amended his complaint to allege a "facial violation" of section 226, which requires employers to provide "an accurate itemized statement in writing showing . . . total hours worked by the employee."  Cal. Lab. Code § 226(a)(2).  Plaintiff alleges that while he worked "14.63 Driver City Wage hours, 5.23 Driver Dock Wage hours, and 9 Driver Linehaul Wage hours" during July 2022, his wage statement from July 15, 2022 "does not list the total hours for these wages in violation of Cal. Labor Code § 226(a)(2)."  Compl. at 26.  R&L argues that Plaintiff has not alleged a section 226 violation "because Plaintiff had the ability simply to add together the three categories of hours listed on the statement to reach the 'total hours' number."

Mot. at 27.[2]  The Court agrees.

Both California courts and the Ninth Circuit have observed that "[w]age statements comply with § 226(a) when a plaintiff employee can ascertain the required information by performing simple math, using figures on the face of the wage statement."  *Hernandez v. BCI Coca-Cola Bottling Co.*, 554 F. App'x 661, 662 (9th Cir. 2014).[3]  *See Morgan v. United Retail Inc.*, 186 Cal. App. 4th 1136, 1147 (2010) (holding that a statement is compliant because "[t]he employee could simply add together the total regular hours figure and the total overtime hours figure shown on the wage statement to arrive at the sum of hours worked."); *Apodaca v. Costco Wholesale Corp.*, 675 F. App'x 663, 665 (9th Cir. 2017) ("Costco's wage statements satisfy the requirements of section 226(a) because  . . . [i]t is undisputed that the total hours worked can be calculated based on the wage statement alone by adding the "REGULAR PAY" hours to the "OVERTIME" hours.").  The language of section 226 is also instructive.  The statute requires employers to provide wage statements from which the employee can "promptly and easily determine" the "total hours worked by the employee."  § 226(e)(2)(B)–(C).  As defined in the statute, "'promptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information."  *Id*.  Since Plaintiff can easily add his 14.63 "Driver City Wage" hours, 5.23 "Driver Dock Wage" hours, and 9 "Driver Linehaul Wage" hours to reach his sum total hours, Plaintiff has not alleged "a failure to include in the wage statement one or more of the required items from Section 226(a)." *Frausto*, 2018 WL 3659251 at *7.  Accordingly, the Court again dismisses this claim.

**E.     Seventh Cause of Action: Indemnify Necessary Business Expense**

Plaintiff alleges that R&L failed to indemnify him for necessary business expenses in violation of California Labor Code sections 2800 and 2802.  California Labor Code section 2802(a) requires an employer to "indemnify his or her employee for all necessary expenditures or

---

[2] Plaintiff offers only a footnote in opposition to this argument, contending that the procedural posture of this matter—at the motion to dismiss stage—somehow undercuts it.  Opp. at 20. Plaintiff does not provide case law or further arguments to substantiate that assertion.
[3] As unpublished Ninth Circuit decisions, *Hernandez v. BCI Coca-Cola Bottling Co.* and the other unpublished cases cited in this order are not precedent, but may be considered for their persuasive value.  *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Cal. Lab. Code. § 2802(a).  "Section 2802 claims are sufficiently pled where the complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties." *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1005 (N.D. Cal. 2016); *see Marr v. Bank of Am.*, No. C09-05978 WHA, 2011 WL 845914, at *1 (N.D. Cal. Mar. 8, 2011), *aff'd sub nom. Marr v. Bank of Am., NA*, 506 F. App'x 661 (9th Cir. 2013) ("The elements of a claim under Section 2802 are: (i) the employee made expenditures or incurred losses; (ii) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (iii) the expenditures or losses were reasonable and necessary.").  In addition, the employer "must either know or have reason to know that the employee has incurred an expense." *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009).

The Court previously dismissed this claim "for want of factual support." *Rubalcaba*, 2024 WL 1772863, at *16.  Plaintiff's second amended complaint offers just one additional sentence in support of this claim: "By way of example, on May 6, 2020, Plaintiff purchased Safety Footwear but was not reimbursed $10.91 of the purchase price."  Compl. at 53.  This sentence, without further substantiation, does not affirmatively allege that buying and wearing the footwear was part of Plaintiff's work duties, nor does it allege that R&L knew or had reason to know about this expense.  *See Tan*, 171 F. Supp. 3d at 1005 ("Merely alleging failure to reimburse unspecified work-related expenses is not enough to state a Section 2802 claim.").  Plaintiff argues that his amended pleading contains "a specific instance in which he was not reimbursed for expenses that were within his job duties," but Plaintiff's second amended complaint only identifies Plaintiff as a "driver" and does not describe his job or its duties.  Opp. at 20.  Since Plaintiff has not provided the factual support necessary to plead a section 2802 claim, the Court grants R&L's motion to dismiss this claim.

### F.   Eighth Cause of Action: Unfair Competition

Plaintiff's eighth cause of action is for violations of the unlawful prong of California's Unfair Competition Law ("UCL").  Cal. Bus. & Prof. Code § 17200.  But because the Court

concludes that each of Plaintiff's other claims for relief fails as a matter of law, his UCL claim—which relies on predicate legal violations—must fail as well. *See Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1028 (N.D. Cal. 2012) (Where "other claims fail, [the] UCL claims premised on 'unlawful' acts ha[ve] no basis and must also fail." (citations omitted)). The Court accordingly grants R&L's motion to dismiss on this ground.

### G. Class Allegations

While generally "compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim . . . district courts do dismiss class allegations on a 12(b)(6) motion, applying the *Twombly/Iqbal* standard, where the complaint lacks any factual allegations and reasonable inferences that establish the plausibility of class allegations." *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) (internal citations and quotations omitted). The Court previously dismissed Plaintiff's class allegations, concluding that Plaintiff did not sufficiently plead a relationship between his experiences and those of other individuals or explain how his experiences are typical "of other employees working in not only similar but also wholly different roles." *Rubalcaba*, 2024 WL 1772863, at *16. R&L again moves to dismiss Plaintiff's class allegations, arguing that these "allegations continue to be conclusory, devoid of facts, and 'stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" Mot. at 31 (quoting *Iqbal*, 556 U.S at 678). The Court agrees.

Plaintiff's second amended complaint still does not describe his responsibilities as an employee of R&L, how his experiences as an R&L employee are representative of other employees' experiences, or how those experiences are typical of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from April 11, 2019, to final judgment and who reside in California." Compl. at 3. Plaintiff argues that the second amended class action complaint "plainly alleges common, uniform policies applied to all putative class members." Opp. at 23. But Plaintiff has not substantiated his pleadings with any facts regarding these policies, such as how they operate, who they affect, and what they concern. In fact, Plaintiff has not adequately alleged that these policies even exist. Plaintiff's class allegations remain too conclusory to survive R&L's

1   motion to dismiss.  Accordingly, the Court dismisses Plaintiff's class allegations.

## IV.     CONCLUSION

The Court GRANTS R&L's motion to dismiss, Dkt. No. 52.  Plaintiff appears unable or unwilling to plead the necessary factual details to push his claims from the realm of the possible into the plausible.  *See Landers*, 771 F.3d at 646 ("Although these allegations 'raise the possibility' of undercompensation . . . a possibility is not the same as plausibility.").  The Court already specified the further facts that Plaintiff needed to allege in order to state a claim.  It is unclear to the Court why Plaintiff will not comply with those instructions and Ninth Circuit precedent.[4]  But ultimately, Plaintiff appears to be convinced that he does not need to do anything more than he already has, which suggests that granting further leave to amend would be futile.

Plaintiff suggests for the first time in his opposition brief that additional facts contained in several wage statements substantiate his claims.  Opp. at 14.  These wage statements, dated May 2023, were presumably available to Plaintiff when he filed his second amended complaint in May 2024.  But Plaintiff did not incorporate factual material from the statements into this operative complaint, his original complaint (filed October 6, 2023), or his first amended complaint (filed January 18, 2024).  *See* Dkt. Nos. 1, 31.  Plaintiff is not entitled to a fourth opportunity to plead facts that he could and should have asserted in prior pleadings if he thought they mattered.  *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002); *Edwards Lifesciences LLC v. Cook Inc.*, No. C 03-03817JSW, 2008 WL 913328, at *3 (N.D. Cal. Apr. 2, 2008) ("A party that contends it learned 'new' facts to support a claim should not assert a claim that it could have pleaded in previous pleadings.").  Regardless, it does not appear that the wage statements attached to Plaintiff's opposition brief could cure the deficiencies identified in the Court's prior order and again in this order.

Based on Plaintiff's failure to remedy deficiencies that the Court clearly identified, granting leave to further amend the complaint would be futile.  *See Zucco Partners, LLC v.*

---

[4] R&L suggests that Plaintiff is "deliberately under-pleading" his claims because further factual substantiation would reveal that federal law preempts them.  Reply at 11.  The Court finds that theory intriguing, but need not and does not rely on it.

11

*Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)). The Clerk is therefore directed to enter judgment in favor of Defendant and to close the case.

**IT IS SO ORDERED.**

Dated:   3/6/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge